IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

INGRID YASMIN ARGUETA QUINTERO,     §
                                    §
        *Petitioner*,               §
                                    §
V.                                  §     CIVIL CASE NO. SA-26-CV-03138-FB
                                    §
MIGUEL VERGARA, Field Office Director of  §
Enforcement and Removal Operations, San   §
Antonio Field Office, Immigration and     §
Customs Enforcement; *et al.*,            §
                                    §
        *Respondents*.              §

## <u>ORDER GRANTING WRIT OF HABEAS CORPUS</u>

Before the Court are Petitioner Ingrid Yasmin Argueta Quintero's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 (ECF No. 1) and the Federal Respondents' ("Respondents") Response (ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States without inspection on an unknown date. She was apprehended by immigration authorities for the first time on January 19, 2019, and released on her own recognizance. Petitioner was detained again on March 2, 2026. Petitioner is currently in full removal proceedings, and an immigration judge ordered her removal from the United States on March 26, 2026. Petitioner's appeal is pending at the Board of Immigration Appeals.

On April 7, 2026, an immigration judge held a hearing on Petitioner's request for a change in custody status. Without further discussion, the immigration judge ruled that Petitioner's "request for

a change in custody status [is] Denied, because Respondent is such a flight risk that no amount of bond would insure her presence in court." (ECF No. 3-1). Petitioner contends her continued detention is unlawful because there is no evidence to support the immigration judge's flight-risk finding and her continued detention violates due process. Petitioner requests release or another bond hearing.

## DISCUSSION

In preparing their Response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. Respondents filed a full response, but chose not to address due process.

Instead, Respondents argue that, because Petitioner was later afforded a bond hearing and bond was denied, 8 U.S.C. § 1126(e) strips the Court of jurisdiction to review the immigration judge's discretionary bond decision. Courts in this District have agreed. *Leon-Gonzalez v. Anda-Ybarra*, 3-26-cv-00026-KC (W.D. Tex. February 10, 2026) (ECF No. 12) ("This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond."); *Gonzalez Cambar v. Bondi*, 5:26-CV-210-OLG (W.D. Tex. Dec. February 20, 2026) (ECF No 11) ("While petitioner may be frustrated with the result of that hearing, this Court lacks jurisdiction to review the discretionary judgment of the immigration judge."). Accordingly, the Court lacks jurisdiction to review the immigration judge's discretionary decision.

However, Respondents' brief is limited to the statutory interpretation of the applicable provision and leaves unaddressed the claims brought by Petitioner under the Due Process Clause. Importantly, the Fifth Circuit has held that, while 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, it does not deprive

-2-

courts of authority to review constitutional challenges. *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

Because Respondents do not substantively address Petitioner's due process argument regarding re-detention after previous release, the Court considers whether Petitioner's due process claim presents similar legal questions to those previously considered in the prior relevant decisions identified by the Court in the Order for Service. After reviewing the briefing, provided evidence, and applicable law, the Court will follow the legal reasoning in prior decisions. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.  Respondents are **DIRECTED** to **RELEASE** Petitioner Ingrid Yasmin Argueta Quintero from custody, under reasonable conditions of supervision, to a public place no later than **June 2, 2026**.

2.  Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.  Respondents shall **FILE** a status report no later than **June 3, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 28th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE